CHRISTOPHER M. PISANO, Bar No. 192831
christopher.pisano@bbklaw.com
CHRISTINA A. HICKEY, Bar No. 212114
christina.hickey@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue
25th Floor
Los Angeles, California  90071
Telephone:    (213) 617-8100
Facsimile:     (213) 617-7480

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANDRA MARTIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES HOLDINGS, INC. d/b/a United Airlines, a foreign business corporation, registered in the State of Delaware, COUNTY OF SAN FRANCISCO, a governmental entity, SAN FRANCISCO INTERNATIONAL AIRPORT; CITY OF SAN FRANCISCO, a governmental entity; STATE OF CALIFORNIA; ABM INDUSTRIES, INC.; COVENANT AVIATION SECURITY; "JANE DOE", ABM TRANSPORT PROFESSIONAL,<br><br>Defendants. | Case No. 3:25-cv-10843-WHO<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[FRCP 12(b)(1), 12(b)(6)]<br><br>Date:        July 8, 2026<br>Time:       2:00 p.m.<br>Judge:      Hon. William H. Orrick<br><br>Trial Date:    TBD<br>Action Filed:    12/19/2025 |

BEST BEST & KRIEGER LLP

65590.00003\45083755.1

-1-

3:25-CV-10843-AGT
DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 8, 2026 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-entitled court, Defendant the City and County of San Francisco erroneously named as the City of San Francisco, the County of San Francisco and the San Francisco International Airport ("City") will move the Court to dismiss Plaintiff's First Amended Civil Complaint and each claim for relief therein pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) on the following grounds:

1.       Pursuant to FRCP Rule 12(b)(6), the Third Cause of Action in Plaintiff's First Amended Civil Complaint fails to state a cause of action for general negligence because there is no statutory basis for holding the City liable under California Civil Code section 1714, there is no basis for liability under California Government Code section 815.2 because Plaintiff failed to allege that Plaintiff was in the care of a City employee at the time of the incident and failed to specify a statutory basis for liability apart from California Government Code section 815.2 and the City is immune from such liability (Ca. Gov. Code §§ 815, 815.2(b)). Therefore, this cause of action should be dismissed with prejudice;

2.       Pursuant to FRCP Rule 12(b)(6), the Third Cause of Action in Plaintiff's First Amended Civil Complaint fails to state a cause of action because Plaintiff has failed to alleged compliance with the California Government Claims Act, as required under California Government Code section 945.4, a necessary perquisite to bringing this action; and

3.       Pursuant to FRCP Rule 12(b)(6), the Fourth Cause of Action in Plaintiff's First Amended Civil Complaint fails to state a cause of action because Plaintiff has failed to alleged compliance with the California Government Claims Act, as required under California Government Code section 945.4, a necessary perquisite to bringing this action.

3:25-CV-10843-AGT
DEFENDANT CITY'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT

65590.00003\45083755.1

BEST BEST & KRIEGER LLP

The Motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the complete file and pleadings in this matter, and on such other matters which the Court properly may consider at the time of hearing.

Dated: June 5, 2026                                          BEST BEST & KRIEGER LLP


By:/*S/ Christopher M. Pisano*
     CHRISTOPHER M. PISANO
     CHRISTINA A. HICKEY
     Attorneys for Defendant
     CITY AND COUNTY OF SAN
     FRANCISCO

BEST BEST & KRIEGER LLP

3:25-CV-10843-AGT
DEFENDANT CITY'S MOTION TO
- 3 -     DISMISS PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT

65590.00003\45083755.1
4934-5229-3289, v. 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff Sandra Martin ("Plaintiff") seeks to hold Defendant the City and County of San Francisco, erroneously named as the City of San Franscisco, the County of San Franscisco, and the San Francisco International Airport, (the "City") liable for general negligence under California Civil Code section 1714(a) for injuries Plaintiff allegedly sustained while changing planes after the first leg of her international flight. However, public entities such as the City are immune from liability for general negligence under California Government Code section 815. Plaintiff's attempt to allege liability of the City under California Government Code section 815.2, is unavailing because Plaintiff has failed to allege she was in the care of a City employee at the time of the incident. To the contrary, Plaintiff repeatedly alleges she was in the care of Defendants United and ABM at the time of the incident. Additionally, Plaintiff has not alleged that any City employee's actions would have created a cause of action against that employee apart from California Government Code section 815.2.

Additionally, Plaintiff has failed to allege compliance with the requirements of the California Government Claims Act, a necessary prerequisite to this action under California Government Code section 945.4. Therefore, the Third Cause of Action in Plaintiff's Complaint should be dismissed without leave to amend.

Plaintiff's Fourth Cause of Action for premises liability also fails to state a claim because Plaintiff fails to allege that she complied with the California Government Claims Act as required under California Government Code section 945.4. Accordingly, Plaintiff's Fourth Cause of Action against the City should likewise be dismissed.

### II.     STATEMENT OF FACTS

In her First Amended Civil Complaint, Plaintiff Sandra Martin ("Plaintiff") asserts the following two causes of action against the City and County of San Francisco, erroneously named as the City of San Franscisco, the County of San Franscisco, and the San Francisco International Airport, (the "City"): "Third Cause of Action Negligence (Cal. Civ. Code 1714(a) [as against

3:25-CV-10843-AGT
DEFENDANT CITY'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT

65590.00003\45083755.1
4934-5229-3289, v. 1

BEST BEST & KRIEGER LLP

United, ABM, Covenant Aviation Security, "Jane Doe" ABM Transport Professional] Negligence/Vicarious Liability (CA Government Code § 815.2 et seq.) as against City" and "Fourth Cause of Action Dangerous Condition of Public Property (California Government Code § 835.). First Amended Civil Complaint p. 12, lns. 20-22, p. 15, lns. 9-13. Specifically, Plaintiff alleges that while changing planes after the first leg of her United Airlines international flight, and while in the care of United Airlines Holding, Inc. ("United") and ABM Industries, Inc. ("ABM"), she slipped in a stairwell and suffered knee and ankle injuries. First Amended Civil Complaint, ¶¶ 2-6.

In Plaintiff's First Amended Civil Complaint, she does not set forth any statutory basis for liability against the City in her Third Cause of Action other than California Civil Code section 1714(a) and California Government Code section 815.2. Specifically, the Third Cause of Action generally alleges that "the City and its employees breached its duty of care by failing to provide a safe path for mobility impaired passengers" and "breached their duty to provide a safe route by failing to address the illumination, the lack of anti-slip tread, the lack of handrails, and the wet and slippery staircase." First Amended Civil Complaint, ¶ 70, p. 13, lns. 11-13, 16-19, ¶ 71, p. 13, lns. 22-23. Plaintiffs further assert that "City. . . allowed for the United, ABM, Covenant employees and an unsatisfactorily trained Jane Doe to guide a mobility-limited Plaintiff, Ms. Martin, to be sent along an unsafe path of travel which resulted in Ms. Martin sustaining significant injuries." First Amended Civil Complaint, ¶ 72, lns. 1-4. Plaintiffs go on to assert that "(a)s a direct result United, . . . City of San Francisco, . . .are liable in negligence and vicarious liability for all of Plaintiff's damages. . . ." First Amended Civil Complaint ¶ 77, lns. 1-4.

Plaintiff's Fourth Cause of Action, which is based upon dangerous condition of public property under Government Code section 835, contains similar allegations to those in Plaintiff's Third Cause of Action. Specifically, Plaintiff claims among other things that the "concrete stairwell poses a dangerous condition because it was poorly lit, wet, lacked handrails and lacked slip resistant treads." First Amended Civil Complaint, ¶ 18-20.

Plaintiff does not plead in her First Amended Civil Complaint that she complied with the

BEST BEST & KRIEGER LLP

65590.00003\45083755.1
4934-5229-3289, v. 1

California Government Claims Act or that she submitted a timely claim to the City.

## III. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS PURSUANT TO RULE 12(B)(6)

"A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint." Gerritsen v. Warner Bros. Entertainment Inc., 112 F.Supp.3d 1011, 1034 (C.D. Cal. 2015). If a plaintiff fails to allege a cognizable legal theory, or enough facts to support a cognizable legal theory, a court must dismiss the complaint. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). While a court is generally obligated to accept factual allegations as true, a complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must allege "enough facts to state a claim to relief that is plausible[, and not merely conceivable,] on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," and the defendant must receive "fair notice of what the . . . claim is and the grounds upon which it rests." Id at 545, 570. Ultimately, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## IV. ARGUMENT

### A. PLAINTIFF'S THIRD CAUSE OF ACTION FOR GENERAL NEGLIGENCE IS BARRED BECAUSE THE CITY IS IMMUNE FROM LIABILITY UNDER CALIFORNIA GOVERNMENT CODE SECTIONS 815 AND 815.2(B) AND IT IS DUPLICATIVE OF PLAINTIFF'S FOURTH CAUSE OF ACTION

Plaintiff's Third Cause of Action for General Negligence against the City is barred by California Government Code section 815. Section 815 provides that a public entity is not liable for any injury "except as otherwise provided by statute," and no statute permits public entity

3:25-CV-10843-AGT
DEFENDANT CITY'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT
- 6 -
65590.00003\45083755.1
4934-5229-3289, v. 1

liability for negligence. <u>Doe v. Los Angeles County Dept. of Children & Family Services</u> (2019) 37 Cal.App.5th 675, 686, as modified (July 18, 2019), reh'g denied (Aug. 9, 2019), review denied (Oct. 23, 2019); <u>Creason v. Department of Health Services</u> (1998) 18 Cal.4th 623, 630-31; see also Gov. Code, § 815, subd. (a).) "Public entities in California are not liable for tortious injury *unless liability is imposed by statute*." <u>San Mateo Union High Sch. Dist. v. Cnty. of San Mateo</u> (2013) 213 Cal.App.4th 418, 427 [emphasis added]; <u>Lopez v. Southern Cal. Rapid Transit Dist.</u> (1985) 40 Cal.3d 780, 785, fn. 2; see also <u>Eastburn v. Regional Fire Protection Authority</u> (2003) 31 Cal.4th 1175, 1183 [direct tort liability of public entities must be based on a specific statute].) To state a cause of action against a governmental entity, "every fact essential to the existence of statutory liability must be pleaded with particularity, **including the existence of a statutory duty**." <u>Searcy v. Hemet Unified School Dist.</u> (1986) 177 Cal.App.3d 792, 802 (emphasis added). **Thus, unless a plaintiff pleads and proves some statutory basis for liability, the public entity is immune as a matter of law**. <u>Thompson v. City of Lake Elsinore</u> (1993) 18 Cal.App.4th 49, 61 ["Tort Claims Act (Government Code § 810 et seq.) was intended to make immunity the rule; liability is imposed only if provided by statute."] (emphasis added); <u>Washington v County of Contra Costa</u> (1995) 38 Cal.App.4th 890, 895-896 ["Liability for the failure to take certain actions may not, of course, exist absent a duty to take those actions. **In California, governmental tort liability must be based on statute**."] (emphasis added). "**Direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714**." <u>Eastburn v. Regional Fire Protection Authority</u> (2003) 31 Cal.4th 1175, 1183 (emphasis added).

For each cause of action, Plaintiff must allege a statutory basis. Here, in her Third Cause of Action Plaintiff appears to have asserted liability under the general tort provisions of Civil Code section 1714, which as noted in <u>Eastburn</u>, is not permissible. The only other basis for statutory liability Plaintiff attempts to assert in her Third Cause of Action is under Government Code section 815.2; however, this section provides that "a public entity is liable for injury

65590.00003\45083755.1
4934-5229-3289, v. 1

BEST BEST & KRIEGER LLP

proximately caused by an act or omission **of an employee of the public entity** within the scope of his employment **if the act or omission would, apart from this section, have given rise to a cause of action against that employee** . . . ." Ca. Gov. Code § 815.2 [emphasis added]. Here, Plaintiff has failed to identify any City employees who were guiding Plaintiff. To the contrary, she repeatedly alleges that she was deboarding the flight "with assistance from ground crews for both United and ABM." First Amended Civil Complaint, ¶ 2, lns. 14-16, ¶ 3, ln. 24, ¶ 4, lns. 3-4, ¶ 5, lns. 15, ¶ 31, ln. 18. Plaintiff has also failed to set forth any factual or other statutory basis, independent of California Government Code section 815.2, which would give rise to a cause of action against any City employee. The default, is that the public entity and its employees are immune from liability as noted in California Government Code sections 815 and 815.2(b).

Plaintiff has not articulated *any* separate statutory basis for negligence.[1] Without a separate statutory basis for liability Plaintiff cannot allege general negligence against a public entity such as the City. In light of the fact that public entities are immune from liability except as provided by statute, Plaintiff's Third Cause of Action for negligence is improper and should be dismissed.

### B.    PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION FAIL BECAUSE PLAINTIFF FAILED TO ALLEGE COMPLIANCE WITH THE CALIFORNIA GOVERNMENT CLAIMS ACT

Plaintiff's Third and Fourth Causes of Action against the City should be dismissed because Plaintiff has failed to allege compliance with the California Government Claims Act. Plaintiff is required to allege compliance with the California Government Claims Act in its complaint. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) ("The amended complaint fails to allege compliance with California tort claim procedures. The district court properly

---

[1] To the extent that Plaintiff's factual allegations in the Third Cause of Action assert liability for a dangerous condition of public property, they are duplicative of Plaintiff's Fourth Cause of Action.

BEST BEST & KRIEGER LLP

3:25-CV-10843-AGT
DEFENDANT CITY'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT

65590.00003\45083755.1
4934-5229-3289, v. 1

dismissed the state law tort claims."). "[N]o suit for money or damages may be brought against a public entity" or employees of the public entity "until a written claim therefor has been presented." Ca. Gov. Code, § 945.4; *See*, *e.g.*, <u>Massa v. Southern Cal. Rapid Transit Dist.</u>, 43 Cal.App.4th 1217, 1221-1222 (1996). ["Government Code section 950.6 requires that a written claim for money or damages for injury be presented to the employing public entity as a prerequisite to suing the agency or any of its employees who are claimed to have acted within their official capacity."].) The claim must include "the name and post office address of the claimant" and "date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted." Ca. Gov. Code, § 910.

A plaintiff who makes claims arising out of state law <u>must </u>complete the claim presentation procedure required under the Government Claims Act. <u>See, e.g., Haynes v. Chau,</u> No. 19CV2257-JAH(KSC), 2020 WL 7181066, at *3 (S.D. Cal. Dec. 7, 2020), report and recommendation adopted as modified sub nom. <u>Hayes v. Chau</u>, No. 19CV2257-JAH (KSC), 2021 WL 3054873 (S.D. Cal. July 20, 2021); <u>of see also Mohsin v. California Dep't Water Res</u>., 52 F.Supp.3d 1006, 1017–1018 (E.D. Cal. 2014) ("[n]umerous federal and state courts within California have found that this claim presentation requirement constitutes an element of any cause of action arising under the Government Claims Act.") Compliance with the government claim presentation requirements is a "prerequisite[ ] to maintaining suit against [a public] entity." <u>Nguyen v. Los Angeles County Harbor/UCLA Medical Center,</u> 8 Cal. App. 4th 729, 732 (1992). "Failure to comply with the[ese] mandatory requirements [are] fatal to the cause of action." <u>Id</u>. Claims must be brought within six months or a year, depending on the nature of claim, otherwise the Court lacks jurisdiction to grant relief. *See, e.g.*, Cal. Gov. Code, § 911.2; *Coble v. Ventura Cnty. Health Care Agency*, 73 Cal.App.5th 417, 422 (2021); <u>Munoz v. State of California</u>, 33 Cal.App.4th 1767, 1779 (1995).

To the extent Plaintiff seeks monetary damages, the First Amended Civil Complaint contains no allegations that Plaintiff complied with the California Government Claims Act. Plaintiff never alleges that she submitted a claim or when. Since compliance with the California Government Claims Act is a prerequisite to the granting of relief, the First Amended Civil

BEST BEST & KRIEGER LLP

3:25-CV-10843-AGT
DEFENDANT CITY'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT

65590.00003\45083755.1
4934-5229-3289, v. 1

Complaint fails to allege facts sufficient to state a claim for relief against the City. *Mohsin, supra*, 52 F.Supp.3d at 1017; see also Snipes v. City of Bakersfield, 193 Cal.Rptr. 760, 762 ("[w]here compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.") Accordingly, the Third and Fourth Causes of Action against the City must be dismissed.

## V.      CONCLUSION

The City respectfully requests that the Court dismiss the Third Cause of Action for Negligence against the City because the City is immune from liability for general negligence, the Third Cause of Action is duplicative of the Fourth Cause of Action and Plaintiff failed to allege compliance with the California Government Claims Act. The City further respectfully requests that the Court dismiss the Fourth Cause of Action for Premises Liability against the City because Plaintiff failed to allege she complied with the California Government Claims Act.

Dated: June 5, 2026                              BEST BEST & KRIEGER LLP


By:*/s/ Christopher M. Pisano*
CHRISTOPHER M. PISANO
CHRISTINA A. HICKEY
Attorneys for Defendant
CITY AND COUNTY OF SAN
FRANCISCO

3:25-CV-10843-AGT
DEFENDANT CITY'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
CIVIL COMPLAINT

65590.00003\45083755.1
4934-5229-3289, v. 1

BEST BEST & KRIEGER LLP

## CERTIFICATE OF SERVICE

I, Irene Islas, declare:

I am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1333 N. California Blvd, Suite 220, Walnut Creek, California 94596.

On June 5, 2026, I electronically filed the attached document:

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

*Please see attached Service List.*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2026, at Walnut Creek, California.

*/s/ Irene Islas*

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1333 N. CALIFORNIA BLVD
SUITE 220
WALNUT CREEK, CALIFORNIA 94596

- 11 -                                          3:25-CV-10843
                                          CERTIFICATE OF SERVICE

**Service List**
Sandra Martin v. United Airlines Holdings, Inc., et al.

Anthony Marsh, Esq.                          Attorneys for Plaintiff
HERRMANN LAW GROUP                           SANDRA MARTIN
505 5th Avenue South, Suite 330
Seattle, WA 98104
Tel: (206) 625-9104
Fax: (206) 682-6710
anthony@hlg.lawyer


Michael A. Kahn, Esq.
Jeffrey D. Garfinkel, Esq.
LAW OFFICES OF MICHAEL A. KAHN,
APC
10990 Wilshire Blvd., Suite 1040
Los Angeles, CA 90024
Tel: (310) 209-1600
Fax: (310) 481-6076
eservice@michaelkahnlaw.com


Garth W. Aubert                              Attorneys for Defendants
Daniel A. Barnes                             ABM Aviation, Inc.
MANNING GROSS + MASSENBURG
LLP
444 S. Flower Street, Suite 4100
Los Angeles, CA 90071
Tel: (213) 622-7300
Fax: (213) 622-7313
gaubert@mgmlaw.com
dbarnes@mgmlaw.com

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1333 N. CALIFORNIA BLVD
SUITE 220
WALNUT CREEK, CALIFORNIA 94596

- 12 -                                       3:25-CV-10843
                                             CERTIFICATE OF SERVICE

Amee A. Mikacich
HINSHAW & CULBERTSON LLP
50 California Street, Suite 2900
San Francisco, CA 94111
Telephone: (415) 362-6000
Facsimile: (415) 834-9070
amikacich@hinshawlaw.com

Paula L. Wegman
Amber S. Hemberger
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
pwegman@hinshawlaw.com
ahemberger@hinshawlaw.com

Attorneys for United Airlines, Inc.
(improperly named as United Airline
Holdings, Inc.)

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
1333 N. CALIFORNIA BLVD
SUITE 220
WALNUT CREEK, CALIFORNIA 94596

- 13 -

3:25-CV-10843
CERTIFICATE OF SERVICE