ROB BONTA
Attorney General of California
ROHIT S. KODICAL
Supervising Deputy Attorney General
JESSICA R. DOKER
Deputy Attorney General
State Bar No. 339009
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3455
Fax: (415) 703-1234
E-mail: Jessica.Doker@doj.ca.gov
*Attorneys for Defendant State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **SANDRA MARTIN,**<br><br>Plaintiff,<br><br>**v.**<br><br>**UNITED AIRLINES HOLDINGS, INC. D/B/A UNITED AIRLINES, COUNTY OF SAN FRANCISCO, SAN FRANCISCO INTERNATIONAL AIRPORT, CITY OF SAN FRANCISCO, STATE OF CALIFORNIA, ABM INDUSTRIES, INC., COVENANT AVIATION SECURITY, "JANE DOE", ABM TRANSPORT PROFESSIONAL,**<br><br>Defendants. | 3:25-cv-10843-WHO<br><br>**DEFENDANT STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 23, 2026<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: The Honorable William H. Orrick<br>Action Filed: December 19, 2025 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on Wednesday, September 23, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at the Phillip Burton Federal Building 450 Golden Gate Avenue San Francisco, CA 94102,

defendant the State of California ("the State") will, and hereby does, move this Court for an order dismissing Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant brings this motion on the following grounds:

1. All claims against the State violate Rule 8(a) of the Federal Rules of Civil Procedure because Plaintiff fails to distinguish between the conduct allegedly attributable to the State and that of the other defendants.

2. Similarly, Plaintiff's claim pursuant to Government Code § 815.2 must be dismissed because she fails to plead that a State employee was involved in the alleged incident.

3. The Eleventh Amendment bars Plaintiff's claims against the State.

4. Plaintiff's claim of dangerous condition of public property pursuant to Government Code § 835 fails as a matter of law because the State does not own the subject property.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Deputy Attorney General Jessica R. Doker with exhibits, all matters of which this Court must or may take judicial notice including the concurrently filed Request for Judicial Notice, the file and all pleadings in this matter, any oral argument, and any and all other matters this court deems just and necessary.

Dated: August 19, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ROHIT S. KODICAL
Supervising Deputy Attorney General

/s/ Jessica R. Doker

JESSICA R. DOKER
Deputy Attorney General
*Attorneys for Defendant State of California*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Sandra Martin ("Plaintiff") files her Second Amended Complaint ("SAC") against United Airlines Holdings, Inc. d/b/a United Airlines, the City and County of San Francisco, San Francisco International Airport, the State of California, ABM Aviation, Inc., Covenant Aviation Security, ABM Transport Professional, and "Jane Doe." FAC. Dkt. 62. Specifically, Plaintiff states that on January 3, 2025, she was deboarding and changing planes at the San Francisco International Airport ("SFO"). *Id*. at ¶ 2. Plaintiff alleges that because the elevator was out of service, United employees directed passengers to a concrete stairwell. *Id*. at ¶ 3. Plaintiff was then handed off to an ABM employee through a two-story stairwell. *Id*. at ¶ 5. Plaintiff alleges that while climbing the stairs, she slipped causing injuries to her knee and ankles. *Id*.

Plaintiff alleges two causes of action as to the State of California, ("the State."), the third cause of action for Negligence (pursuant to California Government Code § 815.2) and the fourth cause of action for Dangerous Condition of Public Property (pursuant to California Government Code § 835.) *Id*. at ¶¶ 74-95.

## ARGUMENT

### I. LEGAL STANDARD FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to show "that the pleader is entitled to relief." A court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for either: 1) lack of a cognizable legal theory; or 2) the pleading of insufficient facts. *Robertson v. Dean Witter Reynolds*, Inc., 749 F.2d 530, 534 (9th Cir. 1984). A complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility of a complaint's allegations is established through a context specific process that "requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "First, a court should 'identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014). Then, "a court should 'assume the[ ] veracity' of 'well pleaded factual allegations' and 'determine whether they plausibly give rise to an

entitlement to relief.'" *Id*. However, a court "is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." S*prewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).

However, when a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As a general rule, the use of "John Doe" to identify a defendant is not favored. *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 941 (S.D. Cal. 2022). Plaintiffs pleading must allege specific facts for each Doe defendant. *See Id.* When a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations. *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015). A complaint that lumps together multiple defendants in one broad allegation fails to satisfy the notice requirement of Rule 8(a)(2)." *Id*. In any amended complaint, Plaintiffs must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole. *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) A plaintiff's allegations must provide sufficient notice to all of the defendants as to the nature of the claims being asserted against them including "what conduct is at issue." *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015).

**A. Plaintiff's SAC Fails to Allege Any Conduct by a State Employee.**

Plaintiff first identifies the John/Jane Does as employees of United and ABM/the airport. However, Plaintiff then later contradicts herself stating that the Doe defendant(s) are simultaneously employed by United, the City and County of San Francisco, ABM, SFO airport, and the State. For example, Plaintiff contends that her flight was deboarded with assistance from ground crew from United and ABM. SAC at ¶ 2. Plaintiff claims United and/or ABM used orange flashlights to direct passengers away from the elevator towards a concrete stairwell. *Id*. at ¶¶ 3,

31. Plaintiff alleges that she was told by a United employee that the elevator was not working and was then handed off to John/Jane Doe, an ABM and/or airport employee who guided her through the stairwell. *Id*. at ¶¶ 4, 5, 24. Nowhere in Plaintiff's recitation of the facts does she contend that a State employee was involved in the incident. Plaintiff then later asserts "all acts and/or omissions on the part of employees and agents of Defendants…were performed within the scope…of their employment." *Id*. at ¶ 35. Plaintiff concludes that "Defendants" are liable for the acts or omissions of their employees or agents. *Id*.

Throughout the SAC, Plaintiff repeatedly fails to distinguish conduct between any of the defendants. Importantly, Plaintiff does not contend that any Doe defendant was an agent or employee of the State. Plaintiff was required to specifically identify what action each Defendant allegedly took that contributed to her harm. This requirement is particularly significant here because Plaintiff is proceeding on her second amended complaint and has had multiple opportunities to cure the deficiencies in her pleading.

Further, Plaintiff's SAC fails to plead specific facts that the Doe defendants were employed by the State. On the contrary, Plaintiff asserts that the Doe defendants were employed by United, ABM, and/or SFO. Because Plaintiff fails to plead facts to show that any State employee was involved, her negligence claim, pursuant to California Government Code § 815.2, must be dismissed.

## II. THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AGAINST THE STATE OF CALIFORNIA

The Eleventh Amendment erects a general bar against federal lawsuits brought against a state. *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir.2003). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1995). Absent consent to suit, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well "establish[ed] that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another

state." *Id*. (internal quotations and citation omitted); *see also Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, [u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."). Eleventh Amendment immunity extends to claims brought against a state in federal court under supplemental jurisdiction. *Marketing Information Masters, Inc. v. Board of Trustees of California State University System* (S.D. Cal. 2008) 552 F.Supp.2d 1088, 1096. Eleventh Amendment immunity extends to state law claims over which a federal court could exercise supplemental jurisdiction. *Raygor v. Regents of Univ. of Minn*., 534 U.S. 533, 541 (2002). The State did not waive its Eleventh Amendment immunity by enacting the Tort Claims Act. *Riggle v. State of Cal.*, 577 F.2d 579, 585 (9th Cir. 1978.)

Plaintiff's two California state law causes of action against the State are barred by sovereign immunity. The State has not consented to suit in this case, nor has Plaintiff pled an exception to Eleventh Amendment immunity that bears on the State. Although Plaintiff fails to identify a jurisdictional basis for the claims against the State, the only conceivable basis is supplemental jurisdiction under 28 U.S.C. § 1367. The Eleventh Amendment, however, bars Plaintiff from invoking supplemental jurisdiction to pursue state-law claims against a non-consenting state in federal court. Likewise, the State has not waived its immunity as to state law claims brought under the Tort Claims Act.

Similarly, Plaintiff cannot circumvent Eleventh Amendment Immunity by including the Doe defendants. Plaintiff SAC does not identify whether any alleged Doe defendant is sued in their official or individual capacity. Although the Eleventh Amendment does not bar suits against state officials in their individual capacity, as discussed above, Plaintiff fails to identify any actions by a state employee. If Plaintiff is suing a state defendant in his official capacity, the employee is immune. Eleventh Amendment bars a federal court action for damages (or other retroactive relief) brought by a citizen against a state official acting in his official capacity. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), as amended (Oct. 9, 1992). If Plaintiff intends on suing a State official in their official capacity, the claim fails as a matter of law. Because Plaintiff

fails to allege facts showing involvement by a State employee and the State is entitled to sovereign immunity, the claims against the State must be dismissed.

### III. Plaintiff's Claim for Dangerous Condition of Public Property Fails Because the State Does Not Own the Subject Property

Plaintiff has not and cannot show that the State owns, manages, or controls the subject property. A public entity may be liable only for dangerous conditions of its own property. *Hedayatzadeh v. City of Del Mar*, 44 Cal. App. 5th 555, 563 (2020). Like Plaintiff's failure to identify a State employee, Plaintiff fails to identify which of the defendants owns the subject property. Plaintiff repeatedly and incorrectly alleges that the City and County, SFO, and the State owned, rented, leased, operated, repaired, and maintained the airport where Plaintiff's fall occurred. FAC at ¶¶ 85-95. Plaintiff admits that the SFO airport is owned and operated by the City and County, but then generally alleges that the State has "governing rules in place." As discussed above, Plaintiff must distinguish the conduct between the defendants. Plaintiff's allegations, that the property was simultaneously owned or managed by three separate entities is improper.

More importantly, the State does not own the property. As provided by declaration from the Real Estate Services Division of the California Department of General Services, which is subject to judicial notice, the State has no ownership or controlling interest in the property identified in the complaint. Because Plaintiff cannot show that the State has an ownership or controlling interest in the property, her claim for dangerous condition of public property must be dismissed.

## CONCLUSION

Plaintiff's SAC fails to state plausible claims for relief against the State. Accordingly, for the foregoing reasons, Defendant State of California respectfully request that the Court grant its motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) without leave to amend. If leave to amend is granted, Defendants respectfully

/ / /

/ / /

/ / /

request that any amended complaint be limited to curing deficiencies identified by the Court and be required to comply with Federal Rule of Civil Procedure 8(a).

Dated: August 19, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ROHIT S. KODICAL
Supervising Deputy Attorney General

/s/ Jessica R. Doker

JESSICA R. DOKER
Deputy Attorney General
*Attorneys for Defendant State of California*

SF2026900285
68668595.docx